UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
DIANE M. MEHRHOFF, an Educator,

                    Plaintiff,

                                         AMENDED
          -against-                 MEMORANDUM & ORDER
                                    04-CV-3850(JS)(MLO)

WILLIAM FLOYD UNION FREE SCHOOL
DISTRICT, ET AL.,
                    Defendants.
--------------------------------X
Appearances:
For Plaintiff:      Ruth Pollack, Esq.
                    Pollack & Kotler
                    250 Old Country Road Suite 505
                    Mineola, New York 11501


For Defendants:
For District        Howard Marc Miller, Esq.
Defendants:         Bond, Schoeneck & King
                    1399 Franklin Avenue, Suite 200
                    Garden City, New York 11530
For Union
Defendants:         Catherine V. Battle, Esq.
                    James R. Sandner, Esq.
                    52 Broadway, 9th Floor
                    New York, New York 10004


SEYBERT, District Judge:

          Pending before the Court is a motion made by

Defendants to dismiss the Complaint filed by Plaintiff, Diane M.

Mehrhoff ("Plaintiff" of "Mehrhoff").  The Defendants assert

Mehrhoff's Complaint fails to state a claim upon which relief can

be granted. This Court finds that Mehrhoff has failed to state a

claim upon which relief can be granted and, therefore, grants the

Defendants' motions to dismiss.

<u>BACKGROUND</u>

The following facts, gleaned from the Complaint, are deemed true and construed in a light most favorable to the Plaintiff for the purpose of this motion. See <u>King v. American Airlines,</u> 284 F.3d 353, 356 (2d Cir. 2002).

Plaintiff is a homosexual and was a "Tenure-Track" teacher in her second year of full-time employment at the William Floyd Union Free School District ("District"). Compl. ¶¶ 5–6. Her employment was pursuant to the Collective Bargaining Agreement ("Agreement") between the District and William Floyd United Teachers' Local 1568 ("Union"). Compl. ¶ 7. Mehrhoff allegedly "met all of the legal requirements for tenure in New York State." According to Mehrhoff, she was in good standing with the Union where she was a dues paying member, and thus "was entitled to all of the benefits of the Union under all applicable authorities." Compl. ¶ 15–16.

Plaintiff alleges that Defendants treated her "differently than other similarly situated teachers" in the District. Compl. ¶ 59. For example, Benjamin Kitto ("Kitto"), a male who served as Assistant Principal for William Floyd High School at the time, "was accused of sexual misconduct in the form of sexual harassment of a female fellow administrator of the District." Compl. ¶ 60. Allegedly, the District arranged an

agreement with Kitto which provided that no formal charges would be filed against him. In addition, he would be given "a one year leave for the School year 2003-2004 at which time he would then be eligible for retirement and would be granted his full retirement benefit package." Compl. ¶ 61-62. On June 9, 2003, the Board purportedly voted in favor of this arrangement for Kitto. At the same board meeting, Mehroff was denied the right to return as a probationary teacher within the District. Compl. ¶ 63.

Mehroff further reports that the District dropped charges against Peter Kersick ("Kersick") after it was determined that he had a consensual relationship with a seventeen year old student. Compl. ¶ 64-65. In addition, the District allegedly reassigned Kersick to administrative clerical duties. Compl. ¶ 66.

Defendants, supposedly, "acted in a pattern and practice of discrimination toward Ms. Mehrhoff," Compl. ¶ 67, "minorities in general and homosexual women [and anyone] who opposed . . . defendants' wrongful actions." Compl. ¶ 92. According to Mehroff, the district employed less than five percent of minorities, including homosexuals. While the District allegedly "had an anti-discrimination and sex-discrimination policy in the Agreement and its handbooks for faculty and students," Compl. ¶ 77, it "did not have the same for sexual orientation." Compl. ¶ 78. Mehrhoff asserts that Defendants violated the policies in its handbooks.

Compl. ¶ 79.

The District allegedly "took action to 'terminate' Ms. Mehroff at the end of her first year and a half of tenure track employment at the District." Compl. ¶ 87. The District supposedly "failed to provide Mehrhoff with any reasons for her termination." Compl. ¶ 56. Mehrhoff "reasonably expected to complete her second and third years of tenure track" where she "received satisfactory or better performance evaluations in her work performance in 2001-2002 and 2002-2003 Academic years until after March 28, 2003." Compl. ¶ 94.

Immediately after Francine L. Grass ("Grass"), physical education teacher, ended her relationship with Mehrhoff, Grass twice threatened Mehrhoff's career. Grass said she would tell Dr. Richard J. Hawkins ("Hawkins"), Superintendent of Schools, that she had a homosexual relationship with Plaintiff. Compl. ¶¶ 96, 99. As a result, Defendants supposedly contributed to and failed to correct a hostile work environment by allowing discrimination to occur against students and staff who were "women, women over forty, homosexual women and women perceived to be homosexual by defendants." Compl. ¶ 103.

Barbara F. Butler ("Butler"), Principal, allegedly enhanced the hostile work environment by "making false, inappropriate and wrongful comments" relating to Plaintiff's

"integrity and capability as a teacher." Compl. ¶ 104. On June 3, 2003, Butler supposedly incorrectly included part of an observation of Mehrhoff from February 3, 2003 in her year end evaluation. Compl. ¶ 108. According to Mehrhoff, this observation was to be "removed" from the District's file because a negative comment had been added after she signed it. Supposedly, it was because of the inclusion of this February 3, 2003 observation that Defendants wrongfully terminated Mehrhoff. Mehrhoff further alleges that Defendants' reasons for terminating her were pretextual. Compl. ¶ 111.

On June 9, 2003, the Board of Education voted to terminate Mehrhoff based on allegedly incorrect information. Compl. ¶¶ 112, 136. According to the Complaint, the Board was "negligent, careless and reckless" because they relied on unreliable sources. Compl.¶ 138. Several of the individual Defendants, the Board and the Union conspired as to the discriminatory conduct. Compl. ¶¶ 139–49.

When the District hired Mehrhoff, it also hired a male heterosexual physical education teacher who was forty years of age or younger to work at the same location as Plaintiff. Compl. ¶¶ 124–26. Defendants supposedly invited this teacher to continue on his tenure track instead of Mehrhoff because of this teacher's age, gender, and sexual orientation. Compl. ¶¶ 128–30.

A district court should grant a motion to dismiss only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with allegations.'" <u>H.J. Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 249-50, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989) (quoting <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)). In applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the plaintiff and accept these factual allegations as true. <u>H.J. Inc.</u>, 492 U.S. at 249; <u>see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 165, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) (noting the Federal Rules' liberal system of notice pleading).

In deciding a motion to dismiss, the district court's duty "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." <u>Sims v. Artuz</u>, 230 F.3d 14, 20 (2d Cir. 2000); <u>see also Goldman v. Belden</u>, 754 F.2d 1059, 1067 (2d Cir. 1985). The appropriate inquiry, therefore, is not whether a plaintiff's claims are ultimately meritorious, but whether the plaintiff is entitled to offer evidence to support them. <u>See Ricciuti v. New York City Transit Auth.</u>, 941 F.2d 119, 123-24 (2d Cir. 1991)

(stating plaintiff is not compelled to prove his or her case at the pleading stage).

Additionally, a plaintiff is not required to set out in detail the facts upon which he or she bases a claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A plaintiff need only give a statement of his or her claim that will give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Id.</u> Therefore, where a complaint is filed that charges each element necessary to recover, the dismissal of the case for failure to set out evidential facts can seldom be warranted. <u>See</u> <u>U.S. v. Employment Plasterers' Ass'n</u>, 347 U.S. 186, 189, 74 S. Ct. 452, 98 L. Ed. 618 (1954). Moreover, pleadings are more liberally construed where, as here, 'the plaintiff alleges civil rights violations . . . .'" <u>Tsai v. Rockefeller Univ.</u>, 137 F. Supp. 2d 276, 280 (S.D.N.Y. 2001)(quoting <u>Cruz v. Gomez</u>, 202 F.3d 593, 596 (2d Cir. 2000)(quoting <u>Chance v. Armstrong</u>, 143 F.3d 698, 701 (2d Cir. 1998))).

However, allegations that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which a plaintiff complains are meaningless as a practical matter and, as a matter of law, are insufficient to state a claim. <u>See</u> <u>Barr v. Abrams</u>, 810 F.2d 358, 363 (2d Cir. 1987).

I.  <u>Due Process Claims and District/Board</u>

Plaintiff asserts that she was denied due process because she did not have a hearing before the Board. Compl. ¶ 73. The District and the Board argue that Plaintiff does not have a due process claim because a probationary teacher may be terminated without a hearing. The Court agrees.

It is well-settled that a probationary employee may be denied tenure without being granted a hearing. Emma v. Schenectady City School District, 28 F. Supp. 2d 711, 721 (N.D.N.Y. 1998); see also Cohen v. Litt, 906 F. Supp. 957, 966 (S.D.N.Y. 1995). "A public employee may . . . be entitled to a hearing if there has been a public dissemination of charges that implicate the employee's reputation and hinder his opportunity to seek alternative employment." Emma, 28 F. Supp. 2d at 721 (citing Board of Regents v. Roth, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)).

Here, Plaintiff does not allege in her Complaint that there was "stigma or other disability that foreclosed [Plaintiff's] freedom to take advantage of other employment opportunities." Roth, 408 U.S. at 573. Thus, the Board did not violate Plaintiff's due process rights by not giving her a hearing. Accordingly, such claims are DISMISSED.

II.  Civil Rights Claims

Plaintiff alleges that Defendants are liable pursuant to 42 U.S.C. § 1983 in her Third Claim (sexual orientation discrimination in violation of the Fourteenth Amendment), Fifth Claim (gender discrimination in violation of the Fourteenth Amendment), Eighth Claim (harassment in the workplace in violation of the Fourteenth Amendment owing to Plaintiff being a homosexual woman over forty years old who opposed discrimination), and Thirteenth Claim (retaliation as a violation of 42 U.S.C. § 1983 because Plaintiff opposed discrimination on the basis of actual and/or perceived sexual orientation, sex, and age).

A.  Union Defendants

The Union contends that they were not in violation of Section 1983 because they did not act under the color of law.  The Court agrees.

Section 1983 provides that "[e]very person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  42 U.S.C. § 1983.  By the terms of Section 1983, it only applies to those acting under the color of state law.

Unions are not state actors.  <u>Dimps v. District Council 37</u>, No. 01-CV-1735, 2002 U.S. Dist. LEXIS 2053, at *8 (S.D.N.Y. February 8, 2002).

It is true, however, that private persons such as a union can be deemed to be acting under the color of state law for Section 1983 purposes where the union conspired with state officials in the challenged action.  <u>Laboy v. Seabrook</u>, No. 96-CV-2359, 1996 U.S. Dist. LEXIS 10452, at *6-7 (S.D.N.Y. July 25, 1996); <u>see also</u> <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-28, 101 S. Ct. 183, 66 L.Ed. 2d 185 (1980)(citations omitted).  In order for a plaintiff to successfully allege a Section 1983 claim of conspiracy between a union and a state actor, a plaintiff must include factual allegations showing: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 72 (2d Cir. 1999).

The Union correctly contends that Plaintiff failed to make claims in the Complaint alleging willful joint action between the Union and a state actor such as the District.  Further, Plaintiff's claims are especially lacking where a union's role in relation to the District is inherently adversarial.  <u>See</u> <u>McGovern v. Local 456, Int'l Bhd. of Trustees</u>, 107 F. Supp. 2d 311, 317 (2d

Cir. 2000). In fact, throughout the Complaint Plaintiff indirectly confesses that Union Defendants filed Level I and II grievances on her behalf in connection with her termination. Compl. ¶ 216. This claim contradicts the allegation that there was an agreement between the Union and the District to injure Plaintiff. For the foregoing reasons, Plaintiff's civil rights claims against the Union are DISMISSED.

B.   District and Board Defendants

The District and Board contend that Plaintiff's Section 1983 claims fails because they do not provide sufficient notice. The Court agrees.

"[C]omplaints relying on civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987) (citations omitted). The Complaint does not provide sufficient notice to Defendants because it does not specify dates, times or acts. See Marable v. Kurtz, No. 99-CV-1387, 2000 WL 1279763, at *2 (S.D.N.Y. September 11, 2002).

For example, Plaintiff alleges that each of the individual Defendants were "motivated by an intent to discriminate" in their selective treatment of her based on both her race and gender. Compl. ¶¶ 153-154, 161-162. Nowhere, however, in the

Complaint does Plaintiff specify particular events where she was selectively treated nor how this alleged selective treatment was based on race or gender. While Plaintiff names several individual Defendants in the Complaint, she fails to provide notice as to what specific actions were taken by each individual which led to a violation of her constitutional rights.

Similarly, Plaintiff alleges Defendants were consciously aware of, and failed to investigate, the sexual harassment and discrimination that she experienced. Compl. ¶¶ 180–81. However, Plaintiff fails to assert supporting facts to demonstrate there was conscious awareness. Accordingly, Plaintiff's Section 1983 claims against the District and Board Defendants are DISMISSED.

C.   <u>Retaliation Claims</u>

The District and Board further allege that Plaintiff fails to successfully allege a retaliation claim pursuant to Section 1983. The Court agrees.

"On a claim of retaliation, a plaintiff must show: (1) that she engaged in activity protected by Title VII; (2) that she was the subject of an adverse employment action; and (3) that there exists a causal link between her protected activity and the adverse action of her employer." <u>Debenedictis v. Lentz</u>, No. 05-CV-304, 2005 U.S. Dist. LEXIS 11827, at *8–9 (E.D.N.Y. June 17, 2005). The Complaint contains merely "general allegations, framed in broad

language."  See Powell v. Workmen's Compensation Board of the State of New York, 327 F.2d 131, 136 (2d Cir. 1964).  However, the Plaintiff is required to allege more than vague and conclusionary allegations outlining the existence of her claim.  See id.

The Plaintiff needs to allege "with at least some degree of particularity overt acts" which supports her claims.[1]  Id. Plaintiff fails to state particularities of her retaliation claim such as the nature of her opposition to the discrimination that allegedly caused her termination and what specific acts were done by Defendants which subjected her to unjust discipline.  Further, she fails to allege sufficient facts to infer a causal link between her alleged opposition to discrimination and the adverse action of her employer.  See Debenedictis, 2005 U.S. Dist. LEXIS 11827, at *8-*9.  Accordingly, Plaintiff's retaliation claims are DISMISSED.

D.   The District and Board Defendants in their Official Capacities

The District and Board argue that there is no cause of action available under Section 1983 against school officials in their official capacities.  The Court agrees.

"[A] school board and its members in their official

---

[1]    Plaintiff alleged that Defendants subjected her to "unjust discipline and improper termination because [Plaintiff] had opposed discrimination on the basis of age," "sex," and "perceived sexual orientation."  Compl. ¶¶ 220-222.

capacities . . . are not 'persons' for purposes of damages actions
under 42 U.S.C. § 1983 and hence cannot be sued in federal court
under the jurisdictional counterpart of Section 1983." <u>Gentile v.</u>
<u>Wallen</u>, 562 F.2d 193, 195 (2d Cir. 1977). Thus, suits against
individuals acting in their official capacities "generally
represent only another way of pleading an action against an entity
of which an officer is an agent." <u>Monell v. New York City Dept. of</u>
<u>Social Services</u>, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d
611 (1978).

It is true that the government can potentially be held
liable in an official-capacity suit. However, Plaintiff already
alleges suit against the Government, through the District, for the
same Section 1983 causes of action that have been brought against
the individual District and Board Defendants in their official
capacities. Accordingly, all Section 1983 causes of action
separately brought against the individual District and Board
Defendants in their official capacities are DISMISSED.

III. <u>Conspiracy</u>

Plaintiff alleges that Defendants "conspired and agreed
to discriminate against [Plaintiff] and deny her tenure . . .
because of Grass' personal and/or social relationship with Butler
and because of Hawkins' policies of discrimination in the
District." Compl. ¶ 135. Defendants argue such claims are

insufficient to state a conspiracy claim because they consist of vague and conclusory statements. The Court agrees.

"To recover under § 1985 plaintiffs must allege (1) an agreement between two or more parties to commit constitutional violations and (2) the conspirators were motivated by racial or similar class-based discriminatory aminus." Etlayib v. Barocas, No. 00-CV-4164, 2001 WL 761183, at *2 (E.D.N.Y. May 17, 2001) (citing Posr v. Court Officer Shield # 207, 180 F.3d 409, 419 (2d Cir. 1999)). Further, "[c]onclusory statements and vague allegations are insufficient to state a conspiracy claim." Id.

Here, Plaintiff first fails to successfully allege an agreement between two or more parties as she merely states in her Complaint that District, Board, and/or Union Defendants "agreed to discriminate against" Plaintiff. Compl. ¶ 135. Plaintiff gives no specifics as to the nature of this alleged agreement. Second, Plaintiff fails to successfully plead that the alleged conspirators were motivated by racial or similar class-based discriminatory aminus. Plaintiff merely makes the broad assertion that there were "policies of discrimination" in the District. Compl. ¶ 135. These averments do not constitute a class-based animus by the District. Accordingly, Plaintiff's Conspiracy claims against Defendants are DISMISSED.

IV. <u>Section 1983 and 1985 Claims Against the District</u>

The District alleges that it cannot be held liable under Section 1983 and Section 1985. The Court agrees. In order for a municipality to be held liable in a Section 1983 or 1985 action, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." <u>Zahra v. Town of Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995); <u>Smith v. City of New York</u>, 290 F. Supp. 2d 317, 321-22 (E.D.N.Y. 2003)(explaining that the same standard which applies to Section 1983 actions also applies to Section 1985 actions). "[C]ircumstantial proof" may be used to establish a municipal policy or custom. <u>Dwares v. The City of New York</u>, 985 F.2d 94 (2d Cir. 1993). However, "the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." <u>Id.</u>

Plaintiff fails to successfully allege municipal liability in her Section 1983 and 1985 claims for several reasons. First, in her conspiracy claim and her sexual orientation and gender discrimination claims, Plaintiff did not plead that a municipal custom or policy resulted in her constitutional injury. Further, in her claim alleging harassment in the workplace, Plaintiff merely makes vague and conclusory assertions that

16

"Defendants actions were part of an official policy or custom that caused her to be subjected to the denial of a constitutionally protected right." Compl. ¶ 183. Such statements serve as an insufficient basis for a Section 1983 claim. See Smith v. The City of New York, 290 F. Supp. 2d 317, 322 (E.D.N.Y. 2003)(finding plaintiff's assertion of a municipal policy or custom to be "wholly conclusory" and thus insufficient to survive the motion to dismiss).[2]

Finally, the retaliation claims are insufficient because Plaintiff merely concludes that Defendants' conduct constitutes custom or policy. Plaintiff makes vague statements in her Complaint consisting, in relevant part, of the following:

[Defendants'] activities represented a custom or policy of the District as a municipal entity . . . [t]he policy or custom was sometimes the result of informal practice and sometimes the result of formal practice of defendants and each of them . . . the discriminatory practices were sufficiently persistent and widespread as to 'constitute a custom or usage with the force of law' . . . Defendant Board's persistent failure to discipline subordinates . . . who violated plaintiff's civil rights, gave rise to an inference of unlawful municipal policy or ratification of unconstitutional conduct against plaintiff.

Compl. ¶¶ 227-230.

However, she fails to set forth specific events

---

[2]    The statement found insufficient in Smith is similar in specificity to Plaintiff's statement here, it read as follows: "The practices and policies of the New York City Police Department discriminated against Plaintiff with respect to the rights and privileges of citizenship." Smith, 290 F. Supp. at 322.

supporting such allegations. Accordingly, Plaintiff's claims against the District pursuant to Section 1983 and 1985 are DISMISSED.

V.   Section 1986 Claims

The District and the Board argue that Plaintiff's Section 1986 claims should be dismissed because a Section 1986 claim must be based on a valid Section 1985 claim. The Court agrees.

"Section 1986 provides a cause of action against anyone who has knowledge of any wrongs mentioned in Section 1985, and the power to prevent such wrongs, but fails to intervene." Clark v. Town of Ticonderoga, 213 F. Supp. 2d 198, 201 (N.D.N.Y. 2002). However, a plaintiff must have an effective Section 1985 claim in order for a Section 1986 claim to survive. Id. (citing Mian v. Donaldson, Lufkin & Jeanrette Sec. Corp., 7 F. 3d 1085, 1088 (2d Cir. 1993)). In the case at hand, Plaintiff does not have a valid Section 1985 claim and, thus, her Section 1986 claim is DISMISSED.

VI.   Title VII and the ADEA

Plaintiff alleges in her Sixth and Ninth Causes of Action that the Union violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Title VII prohibits labor organizations to discriminate on the basis of gender. See 42 U.S.C. § 2000e-2(c). The ADEA prohibits a labor organization to discriminate on

18

the basis of age.  29 U.S.C. § 623(c).

A.  <u>Union Defendants</u>

The Union argues that Plaintiff claims must be dismissed due to lack of subject matter jurisdiction.  The Court agrees.

Under both Title VII and the ADEA, a plaintiff may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter.  <u>Cabrera v. New York City</u>, No. 04-CV-2688, 2004 WL 2053224, at *4 (September 13, 2004).  It is mandatory for a party to exhaust all administrative remedies through the EEOC before bringing such discrimination claims in federal court.  <u>Id.</u>

Plaintiff alleges in the Complaint that she has filed a timely charge of discrimination with the EEOC.  However, she has not met the administrative prerequisite of obtaining a right-to-sue letter prior to bringing suit.  Further, assuming Plaintiff is correct that she timely requested her right to sue letter on April 30, 2004.  Plaintiff has not asserted this in the Complaint. Accordingly, Plaintiffs federal discrimination claims are DISMISSED.

B.  <u>Board Members</u>

Plaintiff brings suit against the individual Board Members under Title VII and the ADEA.  These Defendants allege that there is no personal liability under these claims.  The Court

agrees.

It is well-established in the Second Circuit that "individual defendants may not be held personally liable for alleged violations of Title VII . . . or the ADEA." <u>Anyan v. New York Life Ins. Co.</u>, 192 F. Supp. 2d 228, 239 n.3 (S.D.N.Y. 2002), <u>aff'd sub nom.</u> <u>Anyan v. Nelson</u>, No. 02-CV-7497, 2003 WL 21523167 (2d Cir. July 7, 2003); <u>Whyte v. Contemporary Guidance Services, Inc.</u>, No. 03-CV-5544, 2004 WL 1497560 (S.D.N.Y. July 2, 2004). Thus, Plaintiff's claim for liability under Title VII and the ADEA against the individual District and Board Defendants is DISMISSED.

VII. <u>Title VII, ADEA and Human Rights Law Claims</u>

The District and Board Defendants argue that Plaintiff fails to state a claim under Title VII, the ADEA and the Human Rights Law because the Complaint is based merely on conclusory averments that Plaintiff was discriminated against on the basis of age, gender and sexual orientation. The Court agrees.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading needs to provide sufficient notce so that a defendant is able to respond. <u>See</u> <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). In <u>Swierkiewicz</u>, the Supreme Court found that the complaint's allegations gave the respondent fair notice where it "detailed the events leading to [the] termination, provided relevant dates, and included the ages

20

and nationalities of at least some of the relevant persons involved with his termination." See id.

Here, Plaintiff's Complaint does not detail any such facts and therefore fails to satisfy the requirements of Rule 8(a). Plaintiff gives examples in her Complaint of other male teachers who had charges brought against them for sexual misconduct and yet were allowed to continue their employment with the District. Plaintiff fails to show how these scenarios are similar to that of Plaintiff's situation.

Further, Plaintiff fails to support her claims of discrimination with any specific events, names, or dates relating to the alleged discrimination based on her gender, age and sexual orientation. She merely makes broad and conclusory averments that she was selectively treated because of her sexual orientation, gender and age and this selective treatment led to her termination. Compl. ¶¶ 157–58, 165–66, 186.

According to the Complaint, "[o]n or about May 8, 2003, Butler stated in a conversation with Plaintiff [that Butler] considered Plaintiff's use of the phrase 'in all my forty two years' to be an 'off color comment' because [Butler is] only thirty one (31) years old.'" Compl. ¶ 191. However, this one instance is insufficient to support Plaintiff's claims against the District and Board.

The District and Board also correctly stated that the claim pursuant to Section 296 of the Executive Law should be dismissed on the additional ground that the doctrine of respondeat superior is not available to the Plaintiff's Executive Law claim. The Court agrees.

Under New York Law, an employer "can only be held liable if it is shown to have encouraged, condoned, or approved of sexual harassment." Heskin v. InSite Adver., Inc., No. 03-CV-2508, 2005 U.S. Dist. LEXIS 2546, at *76 (S.D.N.Y. February 22, 2005); Vanscoy v. Namic USA Corp., 234 A.D.2d 680, 682 (3d Dep't 1996). Plaintiff makes no mention that the Board[3] was aware of, condoned or encouraged the alleged selective treatment of Plaintiff. Accordingly, Plaintiffs claims pursuant to Title VII, the ADEA and the New York Human Rights Law are DISMISSED.

VIII. State Law Claims and the Union Defendant

Plaintiff's Fourth Claim alleges that the Union violated New York Executive Law § 290 because it subjected her to selective treatment. Compl. ¶¶ 156–59. Plaintiff's Ninth Claim alleges that Defendants discriminated against her because of her age. The Union contends that Plaintiff's state law claims should be dismissed because she has failed to meet the prerequisites for bringing her

---

[3] The Board serves as the employer of the teachers in the District.

state law discrimination claims.  The Court agrees.

Where "a litigant brings a discrimination complaint before the NYSDHR, she may not bring a subsequent judicial action based on the same incident."  <u>Forbes v. State University of New York at Stony Brook</u>, 259 F. Supp. 2d 227, 235 (E.D.N.Y. 2003) (citing <u>York v. Ass'n of Bar of City of New York</u>, 286 F.3d 122, 127 (2d Cir. 2002)).  Where a person has filed a complaint with the New York State Division of Human Rights ("NYSDHR") or with any other local commission on human rights, the person only maintains the right to have a cause of action based on the alleged unlawful discriminatory practice if it "has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled."  New York Executive Law § 297(9); <u>Forbes</u>, 259 F. Supp. 2d at 235.

In the instant case, Plaintiff has alleged she "filed a timely charge of discrimination" with the NYSDHR.  Compl. ¶ 4.  However, Plaintiff does not assert the reason, if any, that the NYSDHR dismissed her complaint.  In fact, Plaintiff does not explain anything regarding the claim she allegedly filed with the NYSDHR.  This Court must dismiss this claim because without any explanation this claim is legally precluded from being pursued in this Court.  For the foregoing reasons, Plaintiff's state claims

are DISMISSED.

IX.   <u>Title IX</u>

        Plaintiff alleges in her Seventh Claim that Defendants
discriminated against her because of her gender in violation of
Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-
1688.

        A.    <u>The District and Board Defendants</u>

        The District and Board argue that Plaintiff's Title IX
claims must be dismissed because there is no private right of
action for employment discrimination under Title IX.   The Court
agrees.

        The Second Circuit Court of Appeals has not yet ruled
whether an employee of an educational institution can maintain a
private right of action under Title IX.   <u>See</u> <u>Torres v. Pisano</u>, 116
F.3d 625, 630 (2d Cir. 1997).  However, many district courts in the
Second Circuit have agreed with the Fifth Circuit which "held that
Title VII provides the exclusive remedy for individuals alleging
employment discrimination on the basis of sex."   <u>Vega v. State</u>
<u>University of New York Board of Trustees</u>, No. 97-CV-5767, 2000 WL
381430, at *3 (S.D.N.Y. April 13, 2000); <u>see, e.g.</u>, <u>Burrell v. City</u>
<u>University of New York</u>, 995 F. Supp. 398 (S.D.N.Y. 1998).   The
reasoning for denying a private right of action for employment
discrimination under Title IX has been (1) "an implied private

right of action for damages under Title IX for employment discrimination would disrupt the carefully balanced remedial scheme of Title VII," and (2) "Congress intended Title VII to provide an exclusive avenue of relief" for employment discrimination claims. See <u>Vega</u>, 2000 WL 381430, at *3.

This Court agrees with such reasoning and concludes that Plaintiff cannot maintain a private right of action under Title IX. Accordingly, Plaintiff's Title IX claims against the District and Board are DISMISSED.

B.    <u>Union Defendants</u>

The Union argues that they have no liability under Title IX. The Court agrees. Title IX provides, in part, that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A recipient of financial assistance is defined as any entity to which "Federal financial assistance is extended directly or through another recipient and which operates an education program or activity which receives or benefits from such assistance." <u>National Collegiate Athletic Assoc. v. R.M. Smith</u>, 525 U.S. 459, 468, 119 S. Ct. 924, 42 L. Ed. 2d 929 (1999) (citing 34 CFR 106.2(h)).

Plaintiff failed to either plead or demonstrate a nexus

between Federal financial assistance and the Union.  See Buckley v. Archdiocese of Rockville Centre, 992 F. Supp. 586, 588-90 (E.D.N.Y. 1998); Zangrillo v. Fashion Inst. of Tech, 601 F. Supp. 1346, 1352 (S.D.N.Y. 1985).  Accordingly, Plaintiff's Title IX claims must be DISMISSED.

X.    Defamation Claims

Plaintiff asserts that Defendants "libeled and/or slandered [her] by making false and injurious remarks about her in public" and "making false and injurious remarks about her in writing."  Compl. ¶¶ 200-06.  Defendants argue that Plaintiff's claims fail to give them sufficient notice to enable them to defend the claim.  The Court agrees.

In order to successfully plead a defamation claim, a plaintiff need not provide considerable detail, but "must concisely state the basis of [the] claim."  Ahmed v. Gelfand, 160 F. Supp. 2d 408, 416 (E.D.N.Y. 2001).  Each claim must be detailed enough to "afford the defendant sufficient notice of the communication complained of to enable him to defend himself."  Kelly v. Schmidberger, 806 F.2d 44, 45 (2d Cir. 1986).  Further, a plaintiff is required to "state the substance of the purported communication, who made the communication, when it was made, and to whom it was communicated."  Ahmed, 160 F. Supp. 2d at 416.

When describing the alleged defamatory statements,

26

Plaintiff merely states in her Complaint that the "false and injurious remarks about her [were made] in writing . . . [and/or] in public," Compl. ¶ 200-01, 203-06, and that "[t]he acts of [D]efendants included the creation of false evidence in the form of a post-termination 'paper trail' created in furtherance of its scheme and is indicative of its malice and dishonesty." Compl. ¶ 207. However, Plaintiff does not identify the substance of the alleged defamatory statements, when they were made, or to whom the defamatory remarks were communicated. Although Plaintiff does allege in one statement of her Complaint that the "false and injurious statements about her" were made to her "prospective employers," Comp. ¶ 202, Plaintiff makes no mention of their identity in order to provide sufficient notice to Defendants. Accordingly, Plaintiff's Defamation claims are DISMISSED.

XI. Education Law Section 3031

A. Union Defendants

Plaintiff alleges in her first cause of action that the Union violated Education Law Section 3031. The Union makes many arguments as to why Plaintiff does not have such a claim. Most compelling, is their argument that even if Plaintiff were to have a claim against the Union it would be a claim for breach of the duty of fair representation and it would be time-barred. The Court agrees.

Although Plaintiff has characterized her claim as wrongful termination, her various allegations of wrongdoing against Union Defendants are in essence a claim for breach of the duty of fair representation. See Clissuras v. City of New York, 131 A.D.2d 717 (2d Dep't 1987). The only mention of the Union in reference to its violation of Section 3031 of the Education Law is in Paragraph 112 of the Complaint where Plaintiff alleges that "[o]n or about June 9, 2003, the Board of Education wrongfully voted to terminate [Plaintiff] based upon information provided to it by . . . the Union." This is essentially an allegation that the Union breached its duty to act fairly toward Plaintiff and provide fair representation. See Blumberg v. Patchogue-Medford Union Free Sch. Dist., 18 A.D.3d 486 (2d Dep't 2005). Therefore, the claim is governed by the four months statute of limitations set forth in the New York Civil Practice Law and Rules (hereinafter "CPLR") Section 217(2)(a) starting from the time Plaintiff "knew or should have known that the breach occurred, or within four months of the date the employee or former employee suffers actual harm, whichever is later." N.Y. C.P.L.R. 217(2)(a).

Here, Plaintiff was terminated in June 2003 and did not commence this action until September 7, 2004, which was more than a year after her termination. Plaintiff claims that she did not become aware of her termination until September 7, 2004. However,

28

Plaintiff does not state in the Complaint nor give a reason as to why she did not know of her termination until over a year after she was actually terminated by the Board.   Thus, the Court has to assume that Plaintiff should have known about the Union's alleged breach of the duty of fair representation well prior to when this action was initiated.   Accordingly, Plaintiff's Wrongful Termination claim against the Union pursuant to Section 3031 of the Education Law is DISMISSED.

      B.    <u>District/Board Defendants</u>

      The District and Board argue that Plaintiff's claim for Wrongful Termination pursuant to Section 3031 of the Education Law is time-barred.   The Court agrees. Section 3031 of the Education Law is governed by a four-month statute of limitations set forth in the CPLR Section 217(1).   <u>See</u> N.Y. C.P.L.R. 217(1); <u>Dembovich v. Liberty Central School District</u>, 296 A.D.2d 794, 797 (3d Dep't 2002).   Section 217 of the CPLR provides, in pertinent part, that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding." N.Y. C.P.L.R. 217(1).   Plaintiff was terminated on June 9, 2003 yet she did not commence this action until September 7, 2004.   Plaintiff does not specify in her Complaint the exact date her termination became "final and binding."   However, even if Plaintiff's termination did not become effective until after the

date the Board voted to terminate her, it would be unrealistic to assume that her termination did not become final and binding at some point during the eleven months that passed after the Board voted in favor of her termination. Further, Plaintiff offered no reason that would justify her delay of fourteen months to commence this action. Thus, Plaintiff failed to bring suit in a timely manner and her Section 3031 claim is time-barred.

## XII. Breach of Contract and Malfeasance Claims

Plaintiff alleges in her first cause of action that Union Defendants violated Section 3031 because the District and Board unlawfully terminated her. Plaintiff alleges in her Tenth causes of action that the Union breached the Collective Bargaining Agreement ("CBA") by failing to properly and timely file grievances. Compl. ¶ 195. In her Twelfth Cause of Action, Plaintiff charges the Union with malfeasance. She alleges that that they failed to safeguard its members as contained in the CBA. Compl. ¶¶ 212-216. However, these claims amount to a breach of duty of fair representation.

Under the duty of fair representation, the union's "statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid

arbitrary conduct." <u>Air Line Pilots Ass'n v. O'Neill</u>, 499 U.S. 65, 76, 111 S. Ct. 1127, 113 L. Ed. 2d 51 (1991). A union is obligated to abide by its duty both in bargaining with the employer and in its enforcement thereby amounting to the collective-bargaining agreement. <u>Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry</u>, 494 U.S. 558, 563, 110 S. Ct. 1339, 108 L. Ed. 2d 519 (1990). Failure to prosecute member grievances "constitutes a violation of a union duty of fair representation with respect to members rights under the collective bargaining agreement." <u>Walsh v. Torres-Lynch</u>, 266 A.D.2d 817, 818 (4th Dep't 1999).

In order to set forth a breach of the duty of fair representation, it is necessary to show a union's conduct toward a member was arbitrary, discriminatory, or in bad faith. <u>Vaca v. Sipes</u>, 386 U.S. 171, 191, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967). While a union may not arbitrarily ignore a meritorious grievance in a perfunctory fashion, it is important to recognize that a union does not have a duty to pursue every grievance to arbitration. Plaintiff makes no allegation in the Complaint that the grievance which the Union Defendants supposedly improperly and/or untimely filed was meritorious. In fact, Plaintiff does not even describe the grievance in the Complaint.

Further, even if Plaintiff successfully alleged a breach of duty of representation, her claims are time-barred by the four-

month statute of limitations set forth in CPLR 217(2)(a).  See
Dolce v. Bayport-Union Free Sch. Dist., 286 A.D.2d 316, 316 (2d
Dep't 2001).  Plaintiff was terminated June 2003 and did not bring
suit until over a year later.  For the foregoing reasons,
Plaintiff's claims for breach of contract and malfeasance are
DISMISSED.

XIII. <u>Breach of Contract Claim and District</u>

        Plaintiff alleges that the District breached the CBA by
"failing to properly and timely file and process [Plaintiff]'s
grievances when asked to do so."  Compl. ¶ 195.  The District
Defendants argue that Plaintiff's claim should be dismissed because
the breach of contract claim depends on successfully pleading a
breach of the union's duty of fair representation.  The Court
agrees.

        An individual employee has no standing to sue "unless the
union has failed to represent an employee fairly thereby depriving
the employee of full use of the agreed procedures."  <u>Dolce</u>, 286
A.D.2d at 317.  As previously stated, such a claim for breach of
duty of fair representation is governed by a four-month statute of
limitations.  <u>See</u> <u>id.</u>; CPLR 217(2)(a).  Where other claims against
defendants are intertwined with a claim for breach of duty of
representation, such claims are also governed by the four-month
statute of limitations.  <u>Id.</u>  Therefore, Plaintiffs claims against

the District for Breach of Contract are time-barred.  The Court
notes that even if Plaintiff's claims for Breach of Contract were
not time-barred, they still could not survive since Plaintiff
failed to successfully allege that Union Defendants breached the
duty of fair representation.  Accordingly, Plaintiff's claims for
Breach of Contract against District Defendants are DISMISSED.

CONCLUSION

       The Defendants' motions to dismiss are GRANTED.  The
Clerk of the Court is directed to mark this case as CLOSED.


                   SO ORDERED


                   /s/ JOANNA SEYBERT_____
                   Joanna Seybert, U.S.D.J.


Dated:     August 22, 2005
           Central Islip, New York