FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 28 2007 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DIANE M. MEHRHOFF, an Educator,

        Plaintiff,

  -against-

WILLIAM FLOYD UNION FREE SCHOOL
DISTRICT, WILLIAM FLOYD BOARD
OF EDUCATION, VINCENT PASCALE,
JEANANNE DAWSON, RICHARD COLBY,
WILLIAM GUIDUCCI, ANTHONY LIBERTI,
MARK MENSCH, PATRICK NOCERINO, KAREN
MEIER, GLORIA MIRANDA, STEVEN DORN,
DONNA LAURIA, individually and in
their official capacities,
DR. RICHARD J. HAWKINS, MICHAEL
SCHILDKRAUT, BARBARA E. BUTLER,
CARMINE TORCHETTI, DR. ANNMARIE
GINSBERG, ROBERT A. KING, JOHN
PIDGEON, FRANCINE L. GRASS, KAREN
D'ESPOSITO, WILLIAM FLOYD UNITED
TEACHERS LOCAL 1568,

        Defendants.
----------------------------------X

MEMORANDUM & ORDER
04-CV-3850(JS)(MLO)

Appearances:
For Plaintiff:    Rick Ostrove, Esq.
               Leeds Morelli & Brown
               One Old Country Road
               Suite 347
               Carle Place, NY 11514

For District
Defendants:      Howard Marc Miller, Esq.
               Bond, Schoeneck & King
               1399 Franklin Avenue, Suite 200
               Garden City, New York 11530

For Union
Defendants:      Catherine V. Battle, Esq.
               52 Broadway, 9th Floor
               New York, New York 10004

SEYBERT, District Judge:

On August 17, 2005, this Court issued an Order dismissing the Complaint filed by Plaintiff, Diane M. Mehrhoff ("Plaintiff" or "Mehrhoff"), for failure to state a claim upon which relief can be granted ("August Order"). Plaintiff now moves, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3, for reconsideration or reargument of the August Order. For the reasons set forth herein, Plaintiff's motion is GRANTED in part and DENIED in part.

## BACKGROUND

The parties are directed to the Court's August Order for a detailed summary of the factual allegations in this case. In brief, Plaintiff, a homosexual female, was a "Tenure-Track" teacher in her second year of full-time employment at the William Floyd Union Free School District ("District"). Compl. ¶¶ 5-6. Her employment was pursuant to the Collective Bargaining Agreement ("Agreement") between the District and William Floyd United Teachers' Local 1568 ("Union"). Plaintiff alleges that Defendants treated her "differently than other similarly situated teachers" in the District, and discriminated against Plaintiff based on her sexual orientation. Barbara F. Butler ("Butler"), Principal, allegedly made false and incorrect comments related to Plaintiff's capacity as a teacher, and incorrectly included a negative comment in Plaintiff's year-end evaluation after Plaintiff had already

signed the evaluation. On June 9, 2003, the William Floyd Board of Education ("Board") voted to terminate Mehrhoff apparently based on the incorrect information. Compl. ¶¶ 112, 136. Plaintiff alleges that the Board's decision was negligent and reckless because it was based on unreliable sources, and further that the Board, several of the individual Defendants, and the Union conspired to discriminate against Plaintiff.

Plaintiff filed a Complaint on September 7, 2004, alleging several causes of actions against the District, Board, Union, and several individuals who served as employees and board members of the District, both in their individual and official capacities ("Individual Defendants"). The Board, District, and Individual Defendants moved to dismiss on November 11, 2004, and the Union moved to dismiss on November 12, 2004. The Court granted both motions to dismiss in its August Order.

On September 7, 2005, Plaintiff filed the instant motion for reconsideration.[1] Inexplicably, Plaintiff also appealed the

---

[1] Although my individual rules limit memoranda in support of motions to twenty-five pages, Plaintiff's former attorney, Ruth M. Pollack, filed a late thirty-page memorandum without requesting permission to exceed the page limit. Plaintiff's memorandum could easily have been limited to twenty-five pages, particularly since it is cluttered with unnecessary attacks on Defendants' attorneys. However, the Court declines Defendants' request that the Court disregard any page beyond page twenty-five. Plaintiff has since obtained new counsel, and this Court will give Plaintiff and her new counsel the benefit of the doubt by ciphering out the meritorious arguments in Plaintiff's unnecessarily lengthy memorandum.

August Order to the Second Circuit on September 21, 2005, thereby divesting the Court of jurisdiction to decide the motion for reconsideration. Subsequently, Plaintiff requested that the Second Circuit remand the case to this Court to decide on the motion for reconsideration. The Second Circuit granted Plaintiff's motion to remand on September 25, 2006.

DISCUSSION

I. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, at *4 (E.D.N.Y. March 14, 2007). Rule 59(e) permits a moving party to file a motion for reconsideration when it believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151, (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be

granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. <u>Wechsler v. Hunt Health Sys.</u>, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, <u>inter alia</u>, mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. Fed. R. Civ. P. 60(b). Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986).

II. <u>Plaintiffs' Arguments</u>

    A. <u>Due Process Claims</u>

Plaintiff claims that she was denied due process because she did not have a hearing before the Board prior to her termination. Compl. ¶ 73. In the August Order, the Court dismissed Plaintiff's due process claims because a probationary teacher may be terminated without a hearing. In her Motion for Reconsideration, Plaintiff briefly states, ["t]he Court errs in its omission of plaintiff's statutory rights to procedural due process under New York State Education Law." (Pl's Motion for Reconsideration p. 12). Plaintiff attempts to support this bare allegation with an article which Plaintiff already submitted in her opposition to Defendants' Motion to Dismiss. The article explains

5

that Section 3031 of the Education Law requires a superintendent to notify a teacher at least a month before "the superintendent intends to recommend to the board that the teacher's services be terminated." Jerome H. Ehrlich, *Statute Sets Forth Procedure For Denial of Teacher Tenure*, N.Y.L.J., June 3, 2003, at 14, 16. The Court did not overlook or otherwise make a mistake with respect to this article. Plaintiff does not allege that the superintendent failed to notify her of his intent to recommend that Plaintiff's services be terminated. In her Complaint to the State Division of Human Rights, Plaintiff stated that on May 8, 2003, she received a letter from Richard J. Hawkins, Superintendent of Schools, informing Plaintiff that her position as a probationary teacher would be terminated. See Pl's Response in Opposition to Motion to Dismiss, Ex. B. Plaintiff attended the school board meeting held on June 9, 2003. Id. Clearly, by her own submissions, Plaintiff received notice of her termination from the Superintendent a month before her termination. Accordingly, the Court does not see any merit in Plaintiff's attempt to reargue her due process claim via this article. To the extent that Plaintiff is arguing that she was entitled to a hearing, the Court again reiterates that a probationary teacher may be terminated without a hearing. See Emma v. Schenectady City School District, 28 F. Supp. 2d 711, 721 (N.D.N.Y. 1998); see also Cohen v. Litt, 906 F. Supp. 957, 966 (S.D.N.Y. 1995). Accordingly, Plaintiffs request to reargue or for

6

the Court to reconsider Plaintiffs' due process claim is DENIED.

B. <u>Section 1983 Claims Against Union Defendants</u>

In the August Order, the Court dismissed Plaintiff's Section 1983 claims against the Union because the Union did not act under the color of state law. Plaintiff now argues that her allegations against the Union should not have been dismissed, but does not provide the Court with any arguments to suggest that the Union acted under the color of state law. Section 1983 provides that "[e]very person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. As the Court stated in its August Order, Section 1983 only applies to those acting under the color of state law, and unions are not state actors. <u>Dimps v. District Council 37</u>, 01-CV-1735, 2002 U.S. Dist. LEXIS 2053, at *8 (S.D.N.Y. February 8, 2002).

A union may be held to have acted under the color of state law where it conspired with state officials in the challenged action. See <u>Abrahamson v. Bd. of Educ.</u>, 01-CV-10859, 2002 U.S. Dist. LEXIS 11054, *31-32 (S.D.N.Y. June 21, 2002); <u>Laboy v. Seabrook</u>, 96-CV-2359, 1996 U.S. Dist. LEXIS 10452, at *6-7

7

(S.D.N.Y. July 25, 1996). This Court previously held that Plaintiff had not successfully alleged a conspiracy between the Union and the District. Plaintiff asserts that the Court was incorrect, and in support of this argument states that the Union "illegally" permitted statements by its members to be submitted to the New York State Division of Human Rights and the Board, and improperly filed Plaintiff's grievances. (Pl's Mem. p. 13) These baseless statements do not support a conspiracy, and are not grounds for reconsideration. Therefore, the Court DENIES Plaintiff's motion to reconsider its dismissal of Plaintiff's Section 1983 claims against the Union.

C. Section 1983 Claims Against Individual Defendants

Plaintiff contends that her Complaint provided the Individual Defendants with sufficient notice of Plaintiff's Section 1983 claims. The Court disagrees. As the Court stated in the August Order, Plaintiff's Complaint fails to provide any notice as to what specific actions were taken by each individual which led to a violation of her constitutional rights. Plaintiff's Complaint merely lists each Defendant by name and job title, and conclusorily states that the Defendants discriminated against her. However, the Court recognizes this Circuit's liberal pleading rules, particularly with regard to discrimination complaints. See Brown v. City of Syracuse, 197 Fed. Appx. 22, 24-25 (2d Cir. 2006); Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006) ("[A]n

8

employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'") (quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508, 122 S. Ct. 992, 995, 152 L. Ed. 2d 1, 6 (2002)). Accordingly, the Court GRANTS Plaintiff's motion to reconsider its dismissal of Plaintiff's Section 1983 claims against the Individual Defendants. Plaintiff shall file an amended Complaint within thirty (30) days of this Order setting forth the basis for her claim against the Individual Defendants.

D. <u>Section 1983 Claims Against The Individual Defendants In Their Official Capacities</u>

In the August Order, the Court dismissed Plaintiff's Section 1983 claims against the Individual Defendants in their official capacities because "there is no cause of action available for damages under section 1983 against a school board or its members in their official capacities." Mazza v. Hendrick Hudson Cent. Sch. Dist., 942 F. Supp. 187, 192 (S.D.N.Y. 1996); see also Gentile v. Wallen, 562 F.2d 193, 195 (2d Cir. 1977). Plaintiff states that the Court erred in dismissing these claims, but does not provide any valid arguments to support her contention. Accordingly, the Court DENIES Plaintiff's motion to reconsider the dismissal of her Section 1983 claims against the Individual Defendants in their official capacity.

E.  Section 1983 Claims Against The District

Plaintiff argues that she sufficiently alleged that the District had an official policy or custom of gender, sexual orientation, and age-based discrimination, and therefore the Court erred in dismissing her Section 1983 claim against the District. In a Section 1983 action, a plaintiff must plead "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995); Dwares v. The City of New York, 985 F.2d 94 (2d Cir. 1993).

After revisiting Plaintiff's Complaint and the August Order, the Court is still troubled by Plaintiff's vague allegations of an official policy or custom of gender, age, and sexual orientation discrimination. Nonetheless, because the Second Circuit and Federal Rule of Civil Procedure 8(a) require a liberal reading of Plaintiff's Complaint prior to granting a motion to dismiss, the Court will GRANT Plaintiff an opportunity to amend her Complaint to re-allege her Section 1983 claim against the District. See Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006) (finding that the District Court erroneously granted motion to dismiss where the plaintiff's complaint, read liberally, alleged a policy or custom).

F.  Section 1983 Retaliation Claims Against All Defendants

The Court dismissed Plaintiff's retaliation claims

10

because Plaintiff failed to allege any specific acts which could have been considered to be protected activities. Plaintiff also failed to allege any facts to infer a causal link between her alleged opposition to discrimination and the adverse action of her employer. Plaintiff now very briefly states that her Complaint met the pleading requirements under Swierkiewicz. After a review of Plaintiff's Complaint, the Court finds that it still does not meet the liberal pleading standards set forth in Swierkiewicz. Plaintiff has not alleged any protected activity and has not pled any facts linking her termination to an act opposing discrimination. See Altieri v. Albany Pub. Library, 172 Fed. Appx. 331, 333 (2d Cir. 2006) (upholding the District Court's dismissal of plaintiff's retaliation claim because plaintiff did not allege a casual connection between her protected activity and the adverse employment action); Reyes v. City Univ. of N.Y., 06-CV-3639, 2007 U.S. Dist. LEXIS 55101, at * 13 (S.D.N.Y. July 26, 2007); Brightman v. Prison Health Serv., 05-CV-3820, 2007 U.S. Dist. LEXIS 23724, at *18-21 (E.D.N.Y. Mar. 30, 2007) (noting that plaintiff need only provide defendants with fair notice of her claim under Swierkiewicz, but nonetheless dismissing plaintiff's retaliation claim because plaintiff "provided no set of facts ... which would entitle her to relief"). Accordingly, the Court DENIES Plaintiff's motion for reconsideration with respect to the retaliation claims.

G. <u>Section 1985 Claims Against The District</u>

In the August Order, the Court found that the allegations in Plaintiff's Complaint were insufficient to state a claim of conspiracy. Specifically, the Court stated that Plaintiff had not sufficiently alleged "an agreement between two or more parties to commit constitutional violations," and did not adequately plead that the alleged conspirators were motivated by racial or similar class-based discriminatory aminus. See <u>Etlayib v. Barocas</u>, 00-CV-4164, 2001 WL 761183, at *2 (E.D.N.Y. May 17, 2001). Plaintiff now avers that the Court erred in finding that her Complaint did not adequately allege a claim of conspiracy, but does not address either of the noted deficiencies in her Complaint. Rather, Plaintiff unnecessarily argues that her Complaint sufficiently alleged an exception to the intracorporate conspiracy doctrine. The Court is confused as to why Plaintiff consumes two pages of her memorandum addressing this doctrine since her claims were dismissed for failure to plead an agreement, and not because of the intracorporate conspiracy doctrine. Because Plaintiff has not presented the Court with any reason to reconsider its dismissal of her Section 1985 claims against the Defendants, the Court DENIES Plaintiff's motion for reconsideration as to these claims.

H. <u>Title VII Claims Against The District</u>

Plaintiff contends that the Court should not have dismissed her Title VII claims against the District because her

Complaint met the pleading requirements of Rule 8(a). Upon reconsideration, the Court finds that Plaintiff's Complaint, read charitably, does not provide the District with notice of her Title VII claims. However, rather than dismissing her Complaint, the Court should have given Plaintiff an opportunity to amend her Title VII claims. Plaintiff is therefore directed to amend her Complaint within thirty (30) days of this Order to provide the District with notice of her age and gender discrimination claims under Title VII.

I. New York Executive Law Claims

With regard to the August Order's dismissal of Plaintiff's New York Executive Law Claims, Plaintiff reiterates the same argument, and states that she appropriately pled a violation of the New York Executive Law. Plaintiff has not addressed the fact that her Executive Law claims were also dismissed because Plaintiff filed her action prior to receiving a dismissal from the New York State Division of Human Rights ("NYSDHR"). As stated in the August Order, a plaintiff who filed a complaint with the NYSDHR maintains a right to bring a cause of action based on the alleged discriminatory practice if the NYSDHR "dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled." New York Executive Law § 297(9); York v. Ass'n of the Bar, 286 F.3d 122, 127 (2d Cir. 2002). Accordingly, Plaintiff's motion for reconsideration of the dismissal of her Executive Law

claims is DENIED.

J. Defamation Claims

Plaintiff believes that the Court erroneously dismissed her defamation claims against the Defendants, and asserts that she sufficiently alleged the elements of a defamation claim in her Complaint. The Court disagrees. As explained in the August Order, Plaintiff's Complaint very briefly states that Defendants "libeled and/or slandered [her] by making false and injurious remarks about her in public" and "making false and injurious remarks about her in writing." Compl. ¶¶ 200-06. These allegations are not sufficient to give Defendants notice of the substance of Plaintiff's defamation claim. A complaint alleging defamation "is only sufficient if it adequately identifies the purported communication, and an indication of who made the statement, when it was made, and to whom it was communicated." Camp Summit of Summitville, Inc. v. Visinski, 06-CV-4994, 2007 U.S. Dist. LEXIS 28496, at *30 (S.D.N.Y. April 16, 2007) (quoting Broome v. Biondi, 96-CV-0805, 1997 U.S. Dist. LEXIS 1431, 1997 WL 83295, at *2 (S.D.N.Y. Feb. 10, 1997)). Plaintiff's Complaint does not provide the substance of the alleged defamatory comments, nor does it mention when it was made or to whom it was communicated. See Ahmed v. Gelfand, 160 F. Supp. 2d 408, 416 (E.D.N.Y. 2001). Accordingly, the Court finds that it did not err in dismissing Plaintiff's defamation action, and DENIES Plaintiff's motion for reconsideration on this issue.

## CONCLUSION

For the reasons explained above, Plaintiff's motion for reconsideration is GRANTED in part and DENIED in part. Plaintiff's motion for reconsideration is DENIED with respect to her due process claims, defamation claims, New York Executive Law claims, Section 1985 claims, Section 1983 claims against the Union, Section 1983 retaliation claim against all Defendants, and Section 1983 claims against the Individual Defendants in their official capacity. Plaintiff's motion for reconsideration is GRANTED with respect to Plaintiff's non-retaliation based Section 1983 claims against the Individual Defendants in their personal capacity, non-retaliation based Section 1983 claims against the District, and Title VII claims against the District. Plaintiff must file an Amended Complaint with respect to these claims within thirty (30) days of this Order.

SO ORDERED

JOANNA SEYBERT
/Joanna Seybert, U/S.D.J.

Dated: December 28, 2007
Central Islip, New York