```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
```
DIANE M. MEHRHOFF, an Educator,

                Plaintiff,

   -against-                         <u>MEMORANDUM & ORDER</u>
                                      04-CV-3850(JS)(MLO)

WILLIAM FLOYD UNION FREE SCHOOL
DISTRICT, WILLIAM FLOYD BOARD
OF EDUCATION, DR. RICHARD J.
HAWKINS, FRANCINE L. GRASS,
JOHN PIDGEON, and
BARBARA E. BUTLER,

                Defendants.
```
----------------------------------X
```
APPEARANCES:
For Plaintiff:     Rick Ostrove, Esq.
                   Leeds Morelli & Brown
                   One Old Country Road, Suite 347
                   Carle Place, NY 11514

For Defendants:    Howard Marc Miller, Esq.
                   Jessica C. Satriano, Esq.
                   Bond, Schoeneck & King
                   1399 Franklin Avenue, Suite 200
                   Garden City, New York 11530

SEYBERT, District Judge:

      On January 24, 2008, Plaintiff filed an Amended Complaint against William Floyd Union Free School District ("District"), William Floyd Board of Education ("Board"), Barbara Butler ("Butler"), Dr. Richard J. Hawkins ("Hawkins"), Francine Grass ("Grass"), John Pidgeon ("Pidgeon"), Vincent Pascale ("Pascale"), Jeananne Dawson ("Dawson"), Richard Colby ("Colby"), William Guiducci ("Guiducci"), Anthony Liberti ("Liberti"), Mark Mensch ("Mensch"), and Patrick Nocerino ("Nocerino"). On March 31, 2009, this Court granted in part and denied in part Defendants' motion to dismiss (the "March 2009 Order"). Pending before the Court is

Defendants' motion for reconsideration of the March 2009 Order. For the reasons stated herein, Defendants' motion is DENIED.

BACKGROUND

The facts of this case have been set forth in detail in the Court's numerous previous Orders. In brief, Plaintiff was formerly employed as a full-time, tenure-track teacher at the William Paca Middle School. Plaintiff alleges that Defendants terminated her notwithstanding Plaintiff's satisfactory attendance and work performance.

According to Plaintiff, Defendant Grass commenced a "course of harassment against Plaintiff in the workplace" after Plaintiff's domestic relationship with Grass ended. (Am. Comp. ¶ 19.) Specifically, Grass spoke of Plaintiff's sexual orientation, and threatened to damage Plaintiff's career by revealing Plaintiff's sexual orientation.

On or about May 2, 2003, Defendant Butler openly questioned Plaintiff's integrity and capability as a teacher. In June of 2003, Butler included an excerpt from her February 3, 2003 observation in Plaintiff's year-end evaluation, despite the fact that Plaintiff's union required the Defendants to destroy the February 3, 2003 observation.

Beginning in June 2003, Defendants wrote false and defamatory letters about Plaintiff and her ability to teach; the Board of Education reviewed these letters, and as a result, voted

to terminate Plaintiff's employment.  Plaintiff maintains that she was not provided with a reason for her termination, and that a male physical education teacher was allowed to continue his employment when Plaintiff was not.  Plaintiff's Amended Complaint alleges that Defendants discriminated against her on the basis of her gender in violation of Title VII and Section 1983.

In its March 2009 Order, this Court dismissed Plaintiff's Title VII hostile work environment claim and Section 1983 claim against the District and against Defendants Pascale, Dawson, Colby, Guiducci, Liberti, Mensch, and Nocerino, but declined to dismiss Plaintiff's Title VII adverse employment action claim and Plaintiff's Section 1983 claim against Defendants Butler, Grass, Pidgeon, and Hawkins.  However, the Court acknowledged that Plaintiff's remaining claims, while sufficient to survive a motion to dismiss, were poorly-pled and appeared weak.  Defendants now argue that the Court erred and should have dismissed Plaintiff's Section 1983 claims against the remaining Individual Defendants.[1]  While the Court agrees that Plaintiff's Amended Complaint is somewhat scarce, the Court nonetheless finds that it did not err in declining to dismiss Plaintiff's Section 1983 claims against the remaining Defendants.

---

[1] In her opposition, Plaintiff agrees that she does not have a Section 1983 claim against Defendants Grass and Pidgeon.  Thus, the Court's discussion is limited to Plaintiff's Section 1983 claims against Defendants Butler and Hawkins.

3

"A motion for reconsideration under Local Civil Rule 6.3 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" <u>Dennis v. Dep't of Homeland Sec. Bureau of Immigration & Custom Enforcement</u>, No. 09-CV-4513, 2009 U.S. Dist. LEXIS 105621, at *1 (E.D.N.Y. Nov. 10, 2009) (<u>quoting</u> <u>Shrader v. CSX Tramp, Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). "Reconsideration is appropriate in light of an intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or to prevent manifest injustice." <u>Gelfman Int'l Enters. v. Miami Sun Int'l Corp.</u>, No. 05-CV-3826, 2009 U.S. Dist. LEXIS 82403, at *10 (E.D.N.Y. Sept. 9, 2009). However, reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. <u>See</u> <u>United States v. Gross</u>, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. <u>See</u> <u>Lehmuller v. Inc. Vill. of Sag Harbor</u>, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).

Here, Defendants argue that Plaintiff's Section 1983 allegations against the Individual Defendants relate only to a hostile work environment claim, and because the Court dismissed Plaintiff's hostile work environment claim, the Court must dismiss

Plaintiff's Section 1983 claims against the Individual Defendants. Plaintiff argues that although her hostile work environment claims were dismissed, she still has a Section 1983 discrimination claim based upon a disparate-treatment theory. The Court agrees. Plaintiff's Amended Complaint alleges that the Individual Defendants violated the Equal Protection clause by their alleged disparate treatment of Plaintiff. In the March 2009 Order, the Court held that Plaintiff's disparate treatment allegations survived Defendants' motion to dismiss, albeit tenuously. Thus, contrary to Defendants' argument, Plaintiff's Section 1983 claims against the Individual Defendants were not terminated by the Court's dismissal of Plaintiff's hostile work environment claims.

Next, Defendants maintain that Plaintiff failed to allege the Individual Defendants' personal involvement in the alleged discrimination. However, in the March 2009 Order, this Court specifically held that Plaintiff "stated enough personal involvement by these Defendants to survive a motion to dismiss." March 2009 Order at 14. In their reply memorandum, Defendants argue that Plaintiff's allegations regarding the Individual Defendants' personal involvement do not satisfy the pleading requirements elucidated in the Supreme Court's recent decision in <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In <u>Ashcroft</u>, the Supreme Court explained that in deciding motions to dismiss brought under Fed. R. Civ. P. 12(b)(6),

5

court must apply a "plausibility standard," which is guided by "[t]wo working principles." Id. at 1949. First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss, and determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

Defendants argue that the Court's March 2009 Order acknowledged that Plaintiff's Section 1983 claims against the Individual Defendants were merely "threadbare recitals of the elements of a cause of action." Defendants are incorrect. The Court stated in its Order that Plaintiff used boiler-plate language to state a Monell claim against the District, and thus the Court dismissed Plaintiff's Section 1983 claim against the District. However, unlike Plaintiff's deficient Section 1983 claim against the District, Plaintiff alleged facts, which if taken as true, could plausibly state a Section 1983 discrimination claim against the Individual Defendants. Plaintiff alleges that Defendants Hawkins and Butler intentionally wrote false negative reviews and letters regarding Plaintiff's performance as a teacher. According to Plaintiff, the Individual Defendants did so on the basis of

6

Plaintiff's gender. The Court again acknowledges that Plaintiff's Amended Complaint is extraordinarily light, and just barely alleges the Individual Defendants' personal involvement. However, the Amended Complaint does allege enough facts to place it slightly above "[t]hreadbare recitals of the elements of a cause of action." Plaintiff's Amended Complaint states a <u>plausible</u> Section 1983 discrimination claim, although the Court notes that "actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). (citations and quotations omitted). Accordingly, Defendants' motion for reconsideration is DENIED.

CONCLUSION

For the reasons stated above, the Court DENIES Defendants' motion for reconsideration. The Clerk of the Court is directed to terminate Defendants Francine Grass and John Pidgeon as parties in this action.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
December __28__, 2009